UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON BUSH, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-05-1209 |
| RONNIE HOLT, | : (Judge Conaboy) |
| Respondent | : |

_____

**MEMORANUDM AND ORDER**
**Background**

Clinton Bush, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill), filed this pro se petition for writ of habeas corpus. The required filing fee has been paid. Named as Respondent is FCI-Schuylkill Warden Ronnie Holt.

Bush states that he was arrested by local police in Philadelphia, Pennsylvania on June 8, 1998. On August 11, 1998, he was indicted by a grand jury in the United States District Court for the Eastern District of Pennsylvania on a charge of possession of a firearm by a convicted felon.[1] Pursuant to a written plea agreement, the Petitioner entered a guilty plea to

---

[1] The indictment charged him with violation of 18 U.S.C. § 922(g)(1) and § 924(e).

1

the firearm charge on October 27, 1998. Bush was sentenced to a one hundred and eighty (180) month term of incarceration by the Eastern District of Pennsylvania on March 18, 1999.

Petitioner admits that he knowingly and voluntarily waived his right to appeal. See Doc. 1, p. 2. His petition further acknowledges that he collaterally challenged the legality of his conviction via a petition filed pursuant to 28 U.S.C. § 2255. Bush's § 2255 request for relief was denied by the sentencing court. The dismissal was upheld by the United States Court of Appeals for the Third Circuit. Thereafter, the United States Supreme Court denied his petition for writ of certiorari.

In his present action, Bush asserts that his federal sentence was enhanced pursuant to the provisions of the Armed Career Criminal Act (ACCA). He claims that the sentencing court should have rejected the Government's request for an ACCA based enhancement on the grounds that there had been no demonstration that his five (5) prior Pennsylvania state burglary convictions were predicate offenses under the ACCA.[2]

Petitioner further maintains that § 2255 is an inadequate or ineffective means by which to challenge the legality of his

---

[2] Bush notes that under the ACCA which is codified at 28 U.S.C. § 924(e), a person convicted of a federal firearms offense under § 922(g) may be sentenced to a fifteen (15) year mandatory term of confinement if he was previously convicted of three (3) violent felonies or serious drug offenses. See Doc. 1, p. 9.

sentence. See id. at p. 6. In conclusion, Bush' petition argues since he has no other available procedure by which to challenge the constitutionality of his conviction and is actually innocent of the mandatory minimum provision of § 924(e), this Court should entertain his instant habeas petition.

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court.  <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997).  Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention."  28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir.), <u>cert. denied</u>, 409 U.S. 1046 (1972).  "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'"  <u>Myers v. Booker</u>, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)), <u>cert. denied</u>, 122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a

federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citing United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same). As noted by the Court of Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by showing that a prior § 2255 motion has been denied. In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). Bush clearly acknowledges that he previously filed an unsuccessful § 2255 petition. However,to allow the Petitioner to file a habeas petition merely because he filed a

prior unsuccessful § 2255 action would obliterate congressional attempts to promote finality in federal criminal cases.

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a § 2255 remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which a petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366;

Dorsainvil, 119 F.3d at 251.  Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Bush does not assert that his present action is based on either any newly discovered evidence or a new rule of law made retroactive to cases on collateral review.  Unlike Dorsainvil, Petitioner's present claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.[3] Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged.  In this case, Bush has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity.  Rather, his claim is based on a sentencing related issue, that his sentence was improperly enhanced under the ACCA.  It is clear that the claim before this Court has nothing to do with the actual question of Petitioner's guilt.  Likewise, Bush has not presented any facts to show that the denial of his habeas action would raise serious constitutional issues.

---

[3] In Tyler v. Cain, 533 U.S. 656, 663 (2001), the United States Supreme Court established that a new rule of law cannot be retroactively applied to cases on collateral review unless the Court itself holds it to be retroactive.

Based on the foregoing analysis, the fact that Bush previously filed an unsuccessful § 2255 action does not allow him to assert his present claims in a § 2241 petition. Furthermore, Petitioner has not demonstrated that his present claim falls within the narrow exception created by <u>Dorsainvil</u> and <u>Triestman</u>. Therefore, an application to the Third Circuit Court of Appeals to file a second or successive § 2255 motion is the only vehicle available to Petitioner. The petition for writ of habeas corpus will be dismissed without prejudice. Bush, if he so chooses, may reassert any of his present claims by filing an application for leave to file a second or successive § 2255 petition. An appropriate Order will enter.

AND NOW, THEREFORE, THIS 20th DAY OF JULY, 2005, IT IS HEREBY ORDERED THAT:

1. The writ of habeas corpus is dismissed without prejudice.
2. The Clerk of Court is directed to close this case.
3. Based on the conclusions herein, there is no basis for the issuance of a Certificate of Appealablity.

<pre>                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge</pre>